## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1) MANSFIELD HELIFLIGHT, INC., | } } } | |
| Plaintiff, | } } } | **JURY TRIAL DEMANDED** |
| v. | } } } | Case No.: CIV-13-282-R |
| 1) GRIZZLY HELO LEASING, LLC., 2) WYPT HOLDING COMPANY, and 3) STUART FREDERICK HALL, | } } } } } } | Judge.: |
| Defendants. | } | |

## <u>COMPLAINT</u>

Plaintiff, Mansfield Heliflight, Inc. ("Mansfield"), hereby alleges against Defendants Grizzly Helo Leasing, LLC. ("Grizzly"), WYPT Holding Company ("WYPT"), and Stuart Frederick Hall ("Hall") (collectively, the "Grizzly Defendants"), upon personal knowledge with respect to itself and its own acts, upon information and belief as to all other matters, and with belief that all matters alleged herein are likely to have evidentiary support after reasonable opportunity for further investigation and discovery.  As grounds therefore, Plaintiff states as follows:

1

## I.  INTRODUCTION

1.    This is an action for damages under common law for fraud, civil conspiracy, conversion, and disparagement of title.  These claims arise out of the Grizzly Defendants' wrongful conversion of the rights, title and interest belonging to a helicopter that Plaintiff purchased in 2008, and the fraudulent and illegal acts that the Grizzly Defendants engaged in in order to prevent both Plaintiff and federal regulators from discovering that the Grizzly Defendants had illegally registered – and thus, stolen – a helicopter that belonged to Mansfield.

2.    The manufacturing, sales, ownership, recording of documentation, and operation of aircraft in the United States is governed and regulated primarily by federal law.

3.    Per federal law, every aircraft is assigned a specific serial number. This serial number cannot be changed, removed, or reassigned to another aircraft.  It is forever unique to the aircraft it was initially assigned, and without a serial number, an aircraft cannot be registered with the Federal Aviation Administration ("FAA") (and thus, cannot be operated).

4.    Over a period of at least six years the Grizzly Defendants – with the assistance of co-conspirators Bell Helicopter Textron, Inc. ("Bell") and United States Aviation Underwriters, Inc. ("USAU") – have engaged in a

fraudulent scheme to make it appear as if the helicopter registered by Grizzly as N135GZ was in fact the same helicopter that Mansfield legally purchased and acquired title to - a 1996 Bell 407, bearing serial number 53072, and previously registered as N437PH ("Aircraft"). The Grizzly Defendants were able to accomplish this by unlawfully appropriating the Aircraft's serial number, and unlawfully associating it with their own helicopter.

5.     In furtherance of this scheme, the Grizzly Defendants, along with co-conspirators Bell and USAU, filed false and fraudulent documents with the Federal Aviation Administration ("FAA") Registry in Oklahoma City, and made fraudulent representations to Plaintiff in order to: (a) prevent Mansfield from discovering the scheme; and (b) deter it from exercising all rights associated with its ownership of the Aircraft; namely, the ability to register and operate the Aircraft.

6.     In 2008, Mansfield purchased the Aircraft in order to repair it and return it to service, all in accordance with the manufacturer's criteria for doing so. In the course of preparing for the repair and re-registration of the Aircraft with the FAA, Mansfield ran a search of the serial number belonging to the Aircraft and found that a 1996 Bell 407 bearing the same

exact serial number (and also previously registered as N437PH) was already registered to Grizzly.

7.     Mansfield expended significant time, money and resources investigating how the serial number belonging to the Aircraft could be registered to another aircraft – an investigation that the Grizzly Defendants and their co-conspirators Bell and USAU attempted to thwart at every turn by making misrepresentations, and fraudulently concealing the true nature of their scheme.

8.     In March 2012, Mansfield filed suit against Grizzly in Texas State Court,[1] stating claims for fraud, conspiracy, and conversion.  Grizzly argued that it was not subject to personal jurisdiction in Texas, and refused to provide any discovery in the matter; however, it never disputed the merits of Mansfield's allegations.  Then in August 2012, Grizzly quietly (without notice to the Texas court or Mansfield) de-registered the aircraft it had registered as N135GZ.  Thus, the current location, serial number, and registration status of the helicopter previously registered as N135GZ are unknown.

---

[1] Bell Helicopter Textron, Inc. and United States Aviation Underwriters, Inc., are also named as defendants in that suit.

9.     Mansfield has voluntarily dismissed its claims[2] against Grizzly in Texas without prejudice, as Grizzly argued that it was not subject to personal jurisdiction in Texas, and because Grizzly along with Bell and USAU have engaged in delay tactics aimed at preventing Plaintiff from discovering the full magnitude of their scheme.

10.     As Grizzly continues to refuse to return Mansfield's property – in the form of serial number 53072 and all rights associated therewith, and because the Grizzly Defendants continue to make filings with the FAA Registry that: (a) fraudulently conceal the true origins of the aircraft it registered as N135GZ; (b) continue to disparage Mansfield's title and rights to the Aircraft; and (c) deprive Mansfield of the ability to register and return the Aircraft to service, Mansfield is left with no choice but to file this action, seeking declaratory relief, compensatory and punitive damages, and all such other relief that the Court feels is just and proper.

## II.     JURISDICTION

11.     Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a).  Plaintiff is a Vermont corporation, with principle offices in Milton, Vermont, the Grizzly Defendants are not citizens or residents of Vermont,

---

[2] Although the Texas court stated that it intended to grant Grizzly's Motion to Dismiss for Lack of Personal Jurisdiction, it never entered an order doing so.

and the amount in controversy exceeds $75,000, excluding interest and costs.

12.    Venue is proper within this district pursuant to 28 U.S.C. §1391(b) because a substantial portion acts complained of occurred within the Western District of Oklahoma through the filing of documents falsely claiming ownership of an aircraft with the FAA Aircraft Registry in Oklahoma City, Oklahoma.

## II.    PARTIES

13.    Plaintiff Mansfield is a Vermont corporation with its principal place of business located in Milton, Vermont.  Plaintiff is a helicopter repair center engaged in the business of owning, maintaining and repairing aircraft.

14.    Defendant Grizzly is a Montana Limited Liability Company, whose agent for service of process is Alice H. Hinshaw, Hinshaw Law Firm PLLC, 314 North Last Chance Gulch, Helena, MT 59601.

15.    Defendant WYPT is a Wyoming close corporation.  It is the owner and managing member of Grizzly whose agent for service of process is Doug Mason, 26 S. Lincoln Ave., Pinedale, WY 82941.

16.    Defendant Hall is an individual who resides at 233 Winchester Dr., Centreville, Maryland 21617.  Hall serves as the managing member of Grizzly, in both his individual capacity and as the president of WYPT, the

sole member of Grizzly. Upon information and belief, Hall is the sole owner of WYPT, and Grizzly and WYPT appear to be entities that are a cover for Hall and therefore alter egos of one another and Hall

17.    All of the Grizzly Defendants are subject to the personal jurisdiction of this Court as substantial number of the acts complained of occurred in this District.   For example, and as further detailed below, Defendant Hall signed an Application for Aircraft Registration (FAA Form 8050-1), dated July 6, 2006 on behalf of WYPT and Grizzly and caused a false FAA Bill of Sale (FAA Form 8050-2) to be filed with the FAA Aircraft Registry in Oklahoma City, Oklahoma.   In addition to registering the aircraft, Hall also caused the "N" number for s/n 53072 to be changed from N437PH to N135GZ by filing documents with the FAA Aircraft Registry in Oklahoma City.   More recently, Hall caused the aircraft registered as N135GZ to be de-registered when, in August 2012, he sent a letter to the FAA Registry in Oklahoma City in his capacity as the President of WYPT and Managing Member of Grizzly requesting as much.

### III.  GENERAL ALLEGATIONS

### History of the Aircraft

18.    On November 27, 1996, a 1996 Bell 407 registered as N437PH and bearing serial number 53072 ("Aircraft") was issued a Standard Certificate of Airworthiness by the FAA.

19.    On or about December 1996, the Aircraft was sold to Fifth Third Leasing Company ("Fifth Third") who registered the Aircraft with the FAA Registry by filing FAA Form 8050-2 and FAA Form 8050-1.

20.    Fifth Third leased the Aircraft to Petroleum Helicopters, Inc., who insured it with United States Aviation Underwriters, Inc. ("USAU").

21.    During 2000, the Aircraft was involved in an accident that resulted in a determination by USAU that the Aircraft was an economic total loss.  USAU paid Fifth Third and/or Petroleum Helicopters monies for the "total loss under the policy" and Fifth Third provided USAU an FAA Bill of Sale (Form 8050-2) signed by Marsha Bubeck, an officer of Fifth Third. The name of the purchaser and date of sale on the FAA Bill of Sale were blank.  USAU never filed this FAA Bill of Sale with the FAA.

22.    In March 2004, USAU solicited bids for the purchase of the Aircraft at auction.  In a notice sent to potential bidders, USAU represented,

among other things, that the Aircraft's data plate "would be removed and forwarded to the respective manufacturer [*i.e.* Bell]."

23.     USAU also represented in the bid sheet that the aircraft being sold was a <u>1996 Bell 407, registered as N437PH, and bearing serial number 53072.</u>  Based on these representations, Mansfield bid to purchase the Aircraft.

24.     On April 5, 2004, USAU, sold all right, title and interest in the Aircraft to Turbines, Ltd ("Turbines"), the successful bidder.

25.     On or about May 2008, Mansfield purchased the Aircraft from Tempest Heliparts (a broker for Turbines) for $169,000.  Before purchasing the Aircraft, Mansfield checked to see if Bell had placed the Aircraft on what Bell calls its "destroyed list" (aircraft it will no longer support), and confirmed that it was not on the list.  This was important to Mansfield as it intended to repair the Aircraft and return it to service.

26.     Subsequent to Mansfield's purchase of the Aircraft, Turbines executed an FAA Bill of Sale Form 8050-2 transferring ownership of the Aircraft to Mansfield.

27.     After  Mansfield  took  possession  of  the  Aircraft,  a representative from Vector Aerospace Helicopter Services ("<u>Vector</u>"), an independent,  authorized  Bell  service  center,  examined  the  Aircraft  at

Mansfield's facility in Vermont after Mansfield indicated that it planned to repair the Aircraft and return it to service.

28.    On or about October 17, 2008, the representative from Vector that examined the Aircraft confirmed, in writing, that "it should be no problem to recert [sic] this s/n airframe."  Relying on this information, and its belief that it had acquired the serial number, along with the airframe, Mansfield elected to proceed with the repair of the Aircraft.

### Mansfield's Investigation

29.    On or about November 2008, as part of the repair process, Mansfield attempted to gather all records for the Aircraft.  When, as part of this process, Mansfield entered the Aircraft serial number into the Federal Aviation Administration ("FAA") website, it discovered, to its surprise, that a Bell 407 bearing the same serial number as the Aircraft purchased by Mansfield was registered to Defendant Grizzly.  Given that the Aircraft bearing that serial number was in Mansfield's hanger in Vermont, Mansfield was confused as to how it could have been registered to another owner.

30.    Mansfield contacted Grizzly's registered agent in Montana (the only listed contact), in order to clarify what it assumed must be a mistake. Despite repeated calls from Mansfield, the registered agent was unable to provide any additional information, or to explain the situation.

31.     Shortly thereafter, on December 18, 2008, Mansfield received an unsolicited e-mail from Tim J. Harrington, Jr., Deputy General Counsel at Bell ("Harrington E-mail").  Prior to receiving the e-mail, Mansfield had no contact with Bell regarding the Aircraft, other than to verify through Bell's website that the Aircraft was not on the destroyed list.  The e-mail, which was directed to Tina Lindberg, an employee of Mansfield, stated as follows: *"It has come to our attention that you claim to own the above aircraft [s/n 53072].  That would be a rather difficult position for you to sustain since the ship originally bearing that serial numbered dataplate was destroyed and that dataplate returned to us.  <u>Bell, with regulatory approval, re-used the number on another aircraft</u>.  Hence, please cease and desist from making any such further claims*." (emphasis added).

32.     Although Mansfield did not understand how Bell could have lawfully re-used a serial number from a helicopter that Mansfield held proper title to, it was impossible for Mansfield to discover what exactly had occurred as neither Bell nor Grizzly would provide additional information on the matter.

33.     Mansfield continued to diligently investigate, and contacted Turbines to ensure that Turbines had in fact held title to the Aircraft when it was sold to Mansfield.  Turbines assured Mansfield that it was the lawful

owner of the Aircraft at the time of the sale (free and clear of all liens), and provided the documentation to verify as much.

34. Next, Mansfield ordered the complete registration file of the Aircraft from the FAA Registry in Oklahoma City. Much to its surprise, the FAA Registry file for the Aircraft contained a completely different set of ownership information for the Aircraft than Mansfield was aware of – in effect, a shadow set of registration documents creating a shadow helicopter. This shadow set of registration documents began appearing in 2006, and they served to register a 1996 Bell 407 helicopter bearing serial number 53072 (and with the same exact maintenance and repair history as the Aircraft sitting Mansfield's hanger) as N135GZ ("Grizzly Aircraft").

35. Specifically, the FAA registration file contained an FAA Bill of Sale purporting to evidence the sale of the Aircraft from Fifth Third to Grizzly, dated July 7, 2006 ("Fifth Third Bill of Sale"). Therefore, based on the FAA Registry it appeared that the Aircraft had been sold by Fifth Third to Grizzly during the time that Turbines' was the rightful owner.

36. After discovering this, Turbines contacted Fifth Third to inquire into what appeared to be erroneous entries in the FAA Registry.

37. On March 25, 2010, after being informed by Turbines of the existence of the Fifth Third Bill of Sale that was on file with the FAA, Fifth

Third filed a disclaimer letter ("Fifth Third Disclaimer") (attached hereto as Exhibit A) with the FAA stating, among other things, that: (a) the Fifth Third Bill of Sale was not authorized by Fifth Third; (b) the Fifth Third Bill of Sale had not been executed by an employee of Fifth Third; (c) Fifth Third never contracted with or agreed to transfer title of the Aircraft to Grizzly; (d) Fifth Third did not own the Aircraft at the time of the purported sale to Grizzly; and (e) it *believed that the Fifth Third Bill of Sale was a fraud*.

**Grizzly's Fraudulent Filings with the FAA Registry in Oklahoma City**

The Regulatory Environment

38.     The manufacturing, sales, ownership, recording of documentation and operation of aircraft in the United States is governed and regulated primarily by federal law.

39.     The FAA is the agency within the Department of Transportation that is responsible for aircraft and safety in air commerce.

40.     The FAA fulfills it role of promoting safety in air commerce through exercising its powers provided by federal statutes to create and enforce regulations and issue orders for the policies and procedures for enforcement of those regulations.

41.     The regulations are known as Federal Aviation Regulations ("FAR").

42.     Helicopters, such as those that are the subject of the instant litigation, are a category of aircraft subject to regulation by the FAA and its enforcement of its FAR's.

43.     The Grizzly Defendants (and their co-conspirators) are subject to the FAR's in administrative, governmental, and private legal actions for violations of FAR's, related acts, the consequences of such violations, and resulting damages.

44.     The FAA has regulations, orders, other publications, and policies related to aircraft - commencing with the design of a single part, and continuing throughout its life cycle to its removal from service.

45.     This regulatory scheme provides for traceability of the origin of raw materials of a single component to its incorporation into a system, to an entire aircraft, and is a means of recordation in a single records system of an aircraft's (or components) maintenance, overhaul, and reconstruction history.

46.     With regard to aircraft, a specific serial number is assigned to a particular aircraft.  This serial number cannot be changed, removed, or reassigned. It is forever unique to that aircraft.

47.    Serial numbers are assigned to a particular part or aircraft at the time of manufacturing and are initiated on paper as authorized by the FAA. This number is ultimately recoded on a data plate that is attached to the part or aircraft.

48.    These serial numbers, along with a regulatory sufficient chain of title, become the basis of the FAA's means of recordation for particular aircraft. Every future recording in an aircraft's file is tied to its serial number.

49.    The means of recording the serial number on an aircraft or part, such as a data plate, cannot be legally removed without violation of 14 CFR 45.13(e).

50.    Transfer of a serial number from one aircraft to another aircraft is a fraudulent falsification - regardless of intent - and prohibited by the FAR's.

Grizzly's Fraudulent Filings with the FAA

51.    When registering their helicopter as N135GZ, the Grizzly Defendants were required to provide evidence about the origins of the helicopter (i.e., was it a new helicopter purchased from the manufacturer? Had they purchased it on the secondary market?).  Even though the Grizzly knew that they had not purchased their helicopter from Fifth Third (and that

it had not previously been registered as N437PH),  the Grizzly Defendants filed false documents with the FAA Registry to create the impression that the aircraft they were registering as N135GZ was a mere continuation and re-registration of the Aircraft.

52.    These false filings, which caused the FAA to issue Grizzly a registration certificate for N135GZ indicating that it was a 1996 Bell 407 bearing s/n 53072 were made in violation of 49 U.S.C. §46306(b)(4), and 18 U.S.C. § 38, and are subject to criminal penalty.  Such false filings include, but are not limited to:

    a.  FAA Bill of Sale, dated July 7, 2006 (a/k/a Fifth Third Bill of Sale), purportedly signed by Pat Lindsey on behalf of Fifth Third, selling the Aircraft to Grizzly, but which Fifth Third has since declared a forgery;

    b.  FAA Form 8050-1, dated July 6, 2006, executed by Hall in his capacity as President of WYPT, which sought to re-register the Aircraft in Grizzly's name as N135GZ; and

    c.  FAA Form 8050-1A, dated January 13, 2012, electronically filed with the FAA Registry in Oklahoma City by Hall in his capacity as President of WYPT and Managing Member of

Grizzly, applying to re-register the 1996 Bell 407 bearing serial number 53072 as N135GZ.

53.     The change of registration request (referenced in ¶52(b) above) was processed by the FAA on August 16, 2006, which caused the "N" number of the Aircraft to be changed from N437PH to N135GZ.

54.     In conjunction with the August 16, 2006 change of registration, the Grizzly Defendants also caused a replacement Standard Airworthiness Certificate to be issued by falsely representing that N135GZ was as mere continuation of the Aircraft as opposed to what it really was – a completely different aircraft that had appropriated the serial number of the Aircraft in order to mislead the FAA.

55.     By appropriating the serial number of the Aircraft, the Grizzly Defendants were able to make it appear as if the Grizzly Aircraft had the same history as the Aircraft (including, its maintenance and repair history) since the FAA tracks aircraft by serial number.

56.     For example, at the time that the Grizzly Defendants filed the fraudulent Fifth Third Bill of Sale (FAA Form 8050-2) and Application for Registration (FAA Form 8050-1) claiming to be the owner of the Aircraft, the Airworthiness records in the FAA Registry concerning the Aircraft contained at least the following entries:

a.  Bell's application for Airworthiness Certificate (FAA Form 8130-6) dated December 10, 1996;

b.  FAA Form 337 dated January 21, 1997, reflecting Major Repair and   Alterations to the Aircraft;

c.  Installation of modifications pursuant to Supplemental Type Certificate SR022DE (STC);

d.  FAA Form 337 dated January 21, 1997, reflecting Major Repair and Alterations to the Aircraft per the STC;

e.  Statement of Compliance with the FARs (FAA Form 8110-3) concerning wiring performed on the Aircraft dated December 19, 1996;

f.  Statement of Compliance with the FARs (FAA Form 8110-3) concerning wiring performed on the Aircraft on March 25, 1996;

g.  FAA Form 337 dated January 25, 1997, concerning airframe Major Repair and Alterations to the Aircraft;

h.  FAA Form 337 dated January 25, 1997, concerning installation of cargo restraints to the Aircraft;

i.  FAA Form 337 dated January 25, 1997, concerning installation of  structural modifications relation to beacon installation;

j.  FAA Form 337 dated August 8, 1997, concerning passenger door window assembly;

k.  FAA Form 337 dated November 9, 1998, concerning major repair and    alteration to the Aircraft;

l.  FAA Form 337 dated December 27, 1998, concerning installation of a passenger window air deflector;

m.      FAA Form 337 dated January 15, 2000, concerning installation of aft seat securing tabs; and

n.      FAA Form 337 dated February 17, 2000, concerning major repair and alteration involving structural repair to the horizontal stabilizer.

57.     Upon information and belief, none of these major repairs and modifications made to the Aircraft have actually been performed on the Grizzly Aircraft; thus, the Grizzly Defendants' representations otherwise are false, fraudulent, and pursuant to various federal laws, criminal.

**The Conspiracy to Defraud and Appropriate the Aircraft**

58.     The Grizzly Defendants, and co-conspirators USAU and Bell, participated in a conspiracy to defraud Mansfield and any other rightful purchasers of the Aircraft from all "right, title, and interest" in the Aircraft, as USAU represented it was selling in 2004.

59.     Upon information and belief, USAU and Bell had an agreement whereby USAU would remove dataplates from Bell aircraft it sold at auction and provide them to Bell, in violation of 14 CFR 45.13(b) ("Except as provided in paragraph (d)(1) of this section, no person may remove, change, or place identification information required by [] this section, on any aircraft, aircraft engine, propeller, propeller blade, or propeller hub, without the approval of the FAA.").

60.     Upon information and belief, Bell and the Grizzly Defendants had an agreement, whereby Bell would appropriate a serial number from an aircraft that was still listed on the Bell 407 Type Certificate, based on a data plate that had been returned to it by USAU (and which was thus, presumably not in service), and unlawfully re-use this serial number on a different aircraft, in violation of numerous federal regulations and to the detriment of Mansfield as the lawful owner of the Aircraft.

61.     In furtherance of this conspiracy and scheme to defraud, Grizzly caused fraudulent documents to be filed with the FAA in the course of registering the Aircraft as the Grizzly Aircraft, including, but not limited to, the Fifth Third Bill of Sale (which Fifth Third has claimed is a forgery).

62.     Bell participated in the conspiracy and ratified the fraudulent filings, when it knowingly and voluntarily reached out to Mansfield in the Harrington E-mail, stating that "with regulatory approval, [Bell] re-used the number on another aircraft."

63.     Bell expected that Mansfield would rely on Bell's knowing and willful misrepresentations made in the Harrington E-mail, and that Mansfield would be prevented from pursuing its rightful claims to title to the Aircraft.

**Mansfield's Attempt to Recover its Property and Grizzly's Continuing**

**Conversion**

64.     On January 13, 2012, the Grizzly Defendants electronically filed FAA Form 8050-1A, again falsely certifying to the FAA that Grizzly was in fact the owner of a 1996 Bell 407 bearing s/n 53072.

65.     On March 23, 2012, Mansfield filed suit in the District Court of Tarrant County, Texas against Grizzly, Bell, and USAU seeking damages for fraud, conspiracy to defraud, and conversion; seeking a declaratory judgment as to the ownership of the Aircraft; and for a constructive trust preventing Grizzly from being unjustly enriched from its fraudulent representations to the FAA in falsely claiming ownership to the Aircraft and representing that the Grizzly Aircraft was in fact same 1996 Bell 407 that Mansfield had purchased from Turbines.

66.     Grizzly objected to the lawsuit on the basis that the Texas court lacked personal jurisdiction, and Grizzly refused to participate in any substantive discovery.  Tellingly, Grizzly never chose to defend itself of the merits, or ever argued that Mansfield's allegations were untrue.

67.     On August 28, 2012, the Grizzly Defendants, without notice to the Texas court or Mansfield, filed a letter with the FAA Registry in Oklahoma City requesting that the Aircraft registered as N135GZ and

bearing serial number 53072 be deregistered – thereby essentially admitting to the wrongdoing of which they are accused herein.

68.     On September 7, 2012, the FAA acted on Grizzly's request and deregistered the aircraft bearing serial number 53072.   The Grizzly Defendants' letter and the FAA's subsequent deregistration of the aircraft bearing Plaintiff's serial number have been placed in the FAA Registry file for the Aircraft and further damaged its value and further damaged Plaintiff as the rightful owner of the Aircraft and the serial number.

69.     On January 3, 2013, the Texas court announced that it planned to grant Grizzly's motion to dismiss for lack of personal jurisdiction, but to date it has not issued such an order.

70.     On March 21, 2013, Mansfield dismissed its claims against Grizzly in Texas, without prejudice.

## IV.    CAUSES OF ACTION

### COUNT I
### (Fraud)

71.     Mansfield incorporates by reference paragraphs 1 through 70.

72.     As set forth more fully above, Bell and USAU, as co-conspirators and acting in concert and in conspiracy with the Grizzly Defendants, made misrepresentations to Plaintiff that induced it to purchase the Aircraft.   For example, USAU represented that it was selling all right,

title, and interest (including the serial number) in the Aircraft.  Bell, on the other hand, represented to Mansfield and other prospective purchasers that it did not consider the Aircraft destroyed when it elected not to place the Aircraft on its "destroyed" list.

73.     After Mansfield relied on these representations by Bell and USAU in connection with its purchase of the Aircraft, Bell, by way of the Harrington E-mail, represented that the Aircraft was in fact destroyed (even though it was not then, nor is it today, on Bell's "destroyed" list), and that the serial number had been properly re-issued on another aircraft.   These conflicting representations were material, knowingly made, and Plaintiff relied on the representations as set forth more fully above.

74.     The Grizzly Defendants, having adopted the purpose of the conspiracy between USAU and Bell, represented that they lawfully owned the Aircraft when, upon information and belief, they knowingly caused the fraudulent Fifth Third Bill of Sale to be filed with the FAA in order to register the Aircraft as the Grizzly Aircraft.   Mansfield relied on this representation, and instead of immediately demanding the return of the Aircraft's serial number and data plate, it began a long and circuitous investigation, which was necessary precisely because of the myriad of

misrepresentations and fraudulent concealment on the part of the Grizzly Defendants and their co-conspirators.

75.     All of the above representations were false.  As set forth above, Mansfield owns the Aircraft bearing serial number 53072, and as such, the Aircraft is currently in Mansfield's possession.

76.     The Grizzly Defendants knew their representations about ownership of the Aircraft were false when they were made.  The Grizzly Defendants also made the representations with the intent that Mansfield (and others, including the FAA) would act upon them. Plaintiff relied on the Grizzly Defendants' representations and was damaged.

77.     The Grizzly Defendants, along with Bell and USAU, committed overt acts of fraud to conceal and prevent Plaintiff from discovering the fraud, including the affirmative fraudulent misrepresentations set forth above.

78.     As a result of these actions, Plaintiff suffered damages through diminished value of the Aircraft, additional costs of repair and costs of clearing title, and ownership rights to the Aircraft, all in an amount in excess of $75,000.

## COUNT II
### (Conversion)

79.     Mansfield incorporates by reference paragraphs 1 through 78.

80.    Mansfield is the rightful owner of the Aircraft, including its serial number. The Aircraft is personal property.

81.    The Grizzly Defendants have wrongfully exercised dominion and control over the Aircraft through their wrongful appropriation of the Aircraft's serial number, and the use of said serial number to register and operate N135GZ – the Grizzly Aircraft.

82.    The Grizzly Defendants again exercised dominion and control over the Aircraft on August 28, 2012, when Grizzly sent a letter to the FAA cancelling its prior registration of the Aircraft as the Grizzly Aircraft.  As set forth above, the FAA acted on Grizzly's letter and deregistered the Grizzly Aircraft on September 7, 2012.

83.    Plaintiff has been damaged as a result by diminished value and loss of the ability to repair and return the Aircraft to service, all in an amount in excess of $75,000.

**COUNT III**
**(Conspiracy)**

84.    Mansfield incorporates by reference paragraphs 1 through 83.

85.    The Grizzly Defendants, along with co-conspirators Bell and USAU, were a member of a combination of two or more persons that embarked on a planned strategy to defraud potential purchasers of the

Aircraft by misrepresenting what was being sold, and then appropriating, for their own material benefit, the right, title, and interest in the Aircraft.

86.    The object of the conspiracy was to accomplish an unlawful purpose by unlawful means; namely, appropriating Mansfield's right, title, and interest in the Aircraft by filing false documents with the FAA, and by making knowing misrepresentations to Mansfield.

87.    The Grizzly Defendants, Bell, and USAU understood and knew what they were doing such that a meeting of minds occurred.

88.    The Grizzly Defendants, Bell, and USAU, committed overt acts of fraud to further the conspiracy, including the affirmative fraudulent misrepresentations set forth above.  As a result of these actions, Plaintiff has been damaged, in excess of $75,000.

## COUNT IV
### (Disparagement/Slander of Title)

89.    Mansfield incorporates by reference paragraphs 1 through 88.

90.    For the reasons stated in this Complaint, the Grizzly Defendants on or about July 6, 2006, January 13, 2012 and August 28, 2012, published false and misleading statements about the ownership and rights to register the Aircraft with the FAA Aircraft Registry in Oklahoma City.

91.    The Grizzly Defendants' false claims of ownership and false representations as to the identity of the physical hull of the aircraft it registered were maliciously made and known to be false in each publication.

92.    Mansfield sustained special damage by reason of the publication as a result of the diminished value of its personal property, which was caused by the cloud placed on its bona fide ownership of the Aircraft and its records, and also by reason of its inability to repair the Aircraft, register the Aircraft, and return it to service, all in an amount in excess of $75,000.

93.    Mansfield's special damages were caused by the Grizzly Defendants' publications in the FAA Registry to which the Grizzly Defendants falsely published a claim of ownership on multiple occasions.

## COUNT V
### (Declaratory Judgment – 28 U.S.C. § 2201)

94.    Mansfield incorporates by reference paragraphs 1 through 93.

95.    Defendants falsely represented that the Grizzly Aircraft was a 1996 Bell 407 bearing serial number 53072, and formerly registered as N437PH.

96.    The Grizzly Defendants' represented that they were the owners of the aircraft bearing the serial number 53072 that was registered on August

27

16, 2006 as the Grizzly Aircraft, re-registered on January 13, 2012, and de-registered on August 28, 2012.

97.    Mansfield is the true owner of the Aircraft and the Grizzly Defendants have no ownership rights in the 1996 Bell 407 bearing serial number 53072, its maintenance records, and all records of operation and maintenance of the physical aircraft that Grizzly Defendants represent to be the Grizzly Aircraft.

98.    An actual controversy exists over the ownership rights to the Aircraft, and its records of maintenance and operation to the date of final judgment.

99.    Plaintiff requests that this Court determine and declare that Mansfield owns all right, title, and interest in the 1996 Bell 407 bearing serial number 53072, the use of serial number 53072, and that the Grizzly Defendants have no right in the same.

## COUNT VI
## (Constructive Trust)

100.   Mansfield incorporates by reference paragraphs 1 through 99.

101.   The facts set forth above establish that the Grizzly Defendants were unjustly enriched by their fraudulent conduct in obtaining the serial number for the Aircraft purchased by Mansfield, and that the Grizzly Defendants will be unjustly enriched by continuing to operate the Grizzly

Aircraft bearing the Aircraft's serial number.  Accordingly, the Court should impose a constructive trust on the Grizzly Aircraft (the Bell 407 bearing serial number 53072 that was registered as N135GZ), its records, and its data plate, all in favor of Mansfield.

## V.    DAMAGES

102.   All preceding facts and allegations are incorporated herein.

103.   Pursuant to Fed.R.Civ.P. 8 and 28 U.S.C. § 1332(b), Plaintiff requests damages in an amount in excess of $75,000.00 excluding interest, cost and attorney fees.

## VI.    SPECIAL DAMAGES

104.   All preceding facts and allegations are incorporated herein.

105.   Pursuant to Fed.R.Civ.P. 9, Plaintiffs seek special damages for:

106.   nominal damages;

107.   lost income, lost profits;

108.   transportation expenses;

109.   repair expenses, and;

110.   all other special damages.

## VII.   EXEMPLARY DAMAGES

111.   All preceding facts and allegations are incorporated herein.

112.   Plaintiff seeks exemplary damages for Defendants' fraud as their tortuous conduct is willful, wanton and with total disregard for the rights of the Plaintiff and others similarly situated, individuals and entites; therefore, exemplary damages are sought against Defendants.

## VIII.  DEMAND FOR JURY TRIAL

113.   Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

## IX.   RESERVATION OF RIGHT TO AMEND

114.   Plaintiff reserves the right to amend this Complaint as discovery continues.

## X.   PRAYER

WHEREFORE, Mansfield prays for:

A.   Damages as stated herein including, but not limited, to actual damages in an amount in excess of $75,000 as determined from the evidenced reason of Defendants' fraud, conversion and/or disparagement of the Aircraft (1996 Bell 407 s/n 53072);

B.   Punitive damages;

C.   Declaratory Judgment that Mansfield is the lawful owner of a 1996 Bell 407 bearing serial number 53072 with the right to register the

Aircraft with the FAA Registry and right to possess the Aircraft and all of the Aircraft maintenance records to the date of final order;

D.     Injunction precluding the Grizzly Defendants from claiming ownership in the Aircraft, its serial number, its data plate, and/or its records; and

E.     Costs, attorneys' fees, and such other relief as the Court deems just and proper.

Respectfully submitted,


/s/ Clifford R. Magee___
Clifford R. Magee
Magee Law, L.L.C.

Attorney for Plaintiff

P.O. Box 701800
Tulsa, OK 74170
918-747-1747
800-747-4953 (fax)
cliff@7471747.com